UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DOUGLAS LATTA,

                                Plaintiff,

                  -against-

ANDREW CUOMO, Attorney General of the
State of New York,

                               Defendants.
----------------------------------------------------------------X

**ORDER**
**10-CV-4120 (NGG) (CLP)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff Douglas Latta filed this pro se action on September 3, 2010. (See Complaint (Docket Entry # 1).) On September 24, 2010, the court granted Plaintiff 30 days to file an amended complaint. (Docket Entry # 4.) Plaintiff now moves for reconsideration of the court's September 24, 2010 order. (Docket Entry # 6). The court construes Plaintiff's motion to be made under Federal Rule of Civil Procedure 59(e).

      "[C]ourts have recognized four basic grounds on which a judgment may be altered or amended pursuant to Rule 59(e): the need to prevent manifest injustice, the need to correct errors of law or fact, the availability of new evidence, or an intervening change in controlling law." Meteor AG v. Federal Express Co., No. 08-CV-3773 (JGK), 2009 U.S. Dist. LEXIS 107674, at *8 (S.D.N.Y. Nov. 18, 2009) (citing Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). "[T]he standard for granting a Rule 59(e) motion is strict, and reconsideration will generally be denied." In re Health Mgmt. Sys., Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal quotation omitted).

      Plaintiff appears to believe that 28 U.S.C. § 2403 and Federal Rule of Civil Procedure 5.1 provide a cause of action against a state whenever a plaintiff asserts that a state statute is

1

unconstitutional. (See Docket Entry # 6.) He is mistaken. To the contrary, those provisions create a mechanism for providing notice to a state when a constitutional challenge is asserted and no state officer is a party in his or her official capacity. See 28 U.S.C. 2403(b); Fed. R. Civ. P. 5.1(a)(1)(B). Here, Plaintiff has sued Andrew Cuomo in his capacity as Attorney General of the State of New York. As such, there is no need for additional notice.

Plaintiff's motion for reconsideration is denied. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York  
November 3, 2010

NICHOLAS G. GARAUFIS  
United States District Judge